UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ESSENCE MARIEA PATRICIA LEWIS,

      Plaintiff,

v.                  CASE # 19-cv-00942

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ARIELLA RENEE ZOLTAN, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

   The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is

REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born on May 5, 1990, and has a high school education. (Tr. 158, 172). Generally, plaintiff's alleged disability consists of depression, migraines, right hand problems, leg and back injury. (Tr. 171). Her alleged onset date of disability is June 2, 2010. (Tr. 168).

### B.    Procedural History

On September 20, 2012, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 158). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (the ALJ). On August 30, 2014, plaintiff appeared before the ALJ, Grenville W. Harrop, Jr. (Tr. 659-689). On January 30, 2015, ALJ Harrop issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-25, 707-723). The Appeals Council (AC) denied review on May 23, 2016 and plaintiff filed a claim in U.S. District Court. (Tr. 701-706). On April 14, 2017, the case was remanded for further administrative proceedings and review. (Tr. 695-700).

On February 28, 2019, ALJ Stephen Cordovani held a second hearing. (Tr. 607-657). On March 15, 2019, ALJ Cordovani issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 585-606). Plaintiff proceeded directly to U.S. District Court.

### C.    The ALJ's Decision

Generally, in his decision, ALJ Cordovani made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since September 20, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: post-traumatic/post-concussion headaches and migraines; right greater trochanteric bursitis; fibromyalgia; myalgia of the back; post-traumatic stress disorder with panic attacks and major depressive disorder, recurrent (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except is limited to sitting up to eight hours and stand or walk up to two hours; will lift and carry, push or pull up to 20 lbs occasionally; perform overhead work occasionally; frequently balance and stoop; occasional climbing of ramps and stairs or kneeling; no crouching or crawling; frequent reaching, pushing, and pulling; cane use required for distances greater than approximately 100 feet; no work on uneven ground; no ladders/ropes/scaffolds; no extreme cold; no loud noise or vibration; occasional work at unprotected heights, no work around dangerous moving mechanical parts; can understand, remember and carry out simple and routine instructions and tasks; able to work in a low stress work environment reflected by simple and unskilled work, no supervisory duties, no independent decision-making, no strict production quotas, minimal changes in work routine and processes; occasional interact with supervisors and co-workers, and no or only incidental with the general public; no team or tandem work; absent from work one day or less per month.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on May 5, 1990, and was age 22, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has in excess of a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 20, 2012, the date the application was filed (20 CFR 416.920(g)).

(Tr. 585-599).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ erred when he failed to evaluate or weigh the opinion of plaintiff's treating physician, Dr. Laszlo Mechtler. Second, the ALJ improperly evaluated the opinion of plaintiff's long-standing treating therapist, Susan M. Lankenau, LMSW. Third, the ALJ impermissibly cherry-picked the evidence of record, resulting in a determination that is not supported by substantial evidence. (Dkt. No. 13 at 1 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant makes a broad argument that substantial evidence supports the ALJ's RFC. (Dkt. No. 14 at 17 [Def.'s Mem. of Law]). Defendant argues the ALJ properly analyzed the medical and opinion evidence. (Dkt. No. 14 at 19). Defendant further asserts the ALJ properly included a limitation for one or less absence from work in his RFC finding, properly weighed the opinion of Ms. Lankena, and properly weighed the medical and opinion evidence of record. (Dkt. No. 14 at 19, 25, 26).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable

basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.    ANALYSIS**

**A.  Treating Source Opinion**

Plaintiff argues the ALJ failed to properly evaluate the treating source statement from Dr. Laszlo Mechtler. (Dkt. No. 13 at 32). On February 19, 2019, plaintiff's treating neurologist at Dent Neurological Institute (DENT), Dr. Mechtler, completed a Treating Medical Source Statement. (Tr. 1662-1668). Dr. Mechtler stated that plaintiff had the diagnoses of post-traumatic headache, post-concussion syndrome, and chronic pain. (Tr. 1662). Dr. Mechtler reported that nausea and vomiting, photophobia, and increased sensitivity to noise were all symptoms associated with plaintiff's headaches. (Tr. 1664). Dr. Mechtler noted that plaintiff experienced headaches several times per week and their length varied from one to two hours, to several hours at a time. *Id*. Dr. Mechtler opined that plaintiff was unable to work while suffering from her headaches. *Id*. Dr. Mechtler further noted that plaintiff experienced dizziness with her headaches which were

likely to produce good days and bad days, and that she would likely be absent from work for more than four days per month as a result of her headaches. (Tr. 1665-1666). He further noted that plaintiff was limited in all activities during a disabling flare-up. (Tr. 1666).

The Commissioner's regulations require an ALJ to evaluate every medical opinion he receives. 20 C.F.R. § 416.927(c). For claims filed before March 27, 2017, the regulations codifying the treating physician presumption of deference were still in effect:

> "Generally, [the SSA] give[s] more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [his or her] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927(c)(2). "If [the SSA] find[s] that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, [the SSA] will give it controlling weight." *Id.*

Dr. Mechtler's opinion that plaintiff would miss more than four days of work per month is inconsistent with the ALJ's RFC finding of missing work once per month. Defendant concedes the ALJ did not explicitly discuss that portion of the opinion but argues that it does not mean that issue was not considered by the ALJ. (Dkt. No. 14 at 22). Defendant further argues that an ALJ need not recite every piece of evidence that contributed to the decision. (Dkt. No. 14 at 22-23). However, the ALJ did not err in just discussing part of the opinion but was completely remiss in failing to identify the opinion at all. The ALJ did not fail to cite just any evidence, but a medical opinion, which differentiates this case from those cited by defendant. Further, an ALJ may not ignore an entire line of evidence that is contrary to his findings. *Harris v. Colvin*, 149 F. Supp.3d 435, 447 (W.D.N.Y. 2016) (internal quotation marks omitted).

Arguments by defendant that Dr. Mechtler's treatment notes did not support his opinion including the possibility of underlying somatization are clearly post-hoc rationalizations which

this court does not permit to explain the ALJ's treatment of evidence when it is not apparent from the decision itself. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 234 (N.D.N.Y. 2012); *see Thomas v. Colvin*, 302 F. Supp. 3d 506, 511 (W.D.N.Y. 2018) ("*post hoc* rationalizations are not an appropriate substitute for an ALJ's duty to support her conclusions by reference to substantial evidence").

Defendant further argues that the ALJ's rationale for discounting a treating therapist's opinion "readily applies" to Dr. Mechtler, who is a treating neurologist, because it had the same limitation of missing four days or more per month. (Dkt. No. 14 at 24). This is not only another post-hoc rationalization by defendant but also a misapplication of law as a treating medical source opinion is treated differently than a non-acceptable medical source opinion. 20 C.F.R. §§ 404.1513(a), 416.913(a). Therapist Ms. Lankenau stated she treated plaintiff's PTSD and opined missed days due to the diagnosed mental health impairments. (Tr. 825, 829). A therapist is not an acceptable medical source and her opinion is not entitled to the same consideration as a treating physician. *See Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008)("while the ALJ is certainly free to consider the opinions of these 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician."); s*ee Mongeur v. Heckler,* 722 F.2d 1033, 1039 n. 2 (2d Cir.1983) ("the diagnosis of a nurse practitioner should not be given the extra weight accorded a treating physician."). Further, the limitations from Dr. Mechtler related to a different impairment in his area of medical specialty as the Supervising Physician and Director of DENT Headache and Oncology Center. (*See* Tr. 563, 568).

Accordingly, the ALJ was required to evaluate the opinion of treating source Dr. Mechtler. 20 C.F.R. § 416.927(c). Moreover, because Dr. Mechtler was a treating physician, the ALJ was

required to evaluate the opinion under the treating physician rule. 20 C.F.R. § 416.927(c)(2). As noted above, he was a specialist and plaintiff had extensive treatment at DENT. (*see* Tr. 415-42; 449-50; 470-72; 560-72; 817-23; 999-1155). The ALJ's error in omitting Dr. Mechtler's opinion is not harmless because he indicated that plaintiff's headaches would cause her to miss more than four days of work per month and the vocational expert (VE) testified that an individual missing any more than one day of work per month would be unable to sustain employment. (Tr. 656). It is well settled that omission of opinion evidence is not harmless if it would have changed the ALJ's decision. *Walzer v. Chater,* 1995 WL 791963, at *9 (S.D.N.Y. 1995) (finding that an ALJ's failure to discuss a treating physician's report was harmless error where consideration of report would not have changed outcome).

An ALJ must conduct a distinct analysis that would permit adequate review on appeal. *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013). When an ALJ does not connect the record evidence and RFC findings or otherwise explain how the record evidence supported his RFC findings, the decision leaves the court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. *Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018). In this case, the opinion evidence was not sufficiently identified and not properly weighed.

### B. Additional Arguments

As set forth above, plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin,* No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1,

2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

Remand solely for calculation and payment of benefits is not appropriate. *See Harbot v. Berryhill*, 335 F. Supp.3d 382, 387-88 (W.D.N.Y. 2018) ("Remand for the purpose of calculation and payment of benefits is warranted where the record demonstrates the claimant's disability, and where there is no reason to conclude that there is additional evidence to support the Commissioner's claim that a claimant is not disabled.").

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: November 12, 2020  *J. Gregory Wehrman*
Rochester, New York   HON. J. Gregory Wehrman
    United States Magistrate Judge